LLOYD B. WHEELER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wheeler v. Commissioner
Docket No. 17631-92
United States Tax Court
T.C. Memo 1993-561; 1993 Tax Ct. Memo LEXIS 573; 66 T.C.M. (CCH) 1444; November 29, 1993, Filed *573 Decision will be entered for respondent in the amount of $ 8,409. Lloyd B. Wheeler, pro se. For respondent: Alan Peregoy. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for the year 1989 in the amount of $ 9,492.24. Respondent concedes that petitioner is not liable for the 6-percent excise tax in the amount of $ 1,083.10 for excess IRA contributions pursuant to section 4973. The remaining issues are whether a distribution to petitioner in 1989 from the Maryland State Retirement Agency is taxable under section 402(a)(1) and whether the 10-percent additional tax due to an early distribution from a qualified plan is applicable under section 72(t). Some of the facts were stipulated and they are so found. Petitioner was a resident of Annapolis, Maryland, at the time the petition herein was filed. Petitioner resigned from his employment *574 with the State of Maryland in 1987 at the age of 48 years and he has been employed with Ann Arundel County Government from April 1987 to the present. Petitioner was a vested member of the Maryland Teachers Retirement System in 1989. On or about November 1, 1989, he transferred from the Maryland Teachers Retirement System to the Maryland Teachers Pension System pursuant to an option available to members of the retirement system. The Maryland State Retirement System was a contributory plan, while the Maryland Teachers Pension System was a noncontributory plan. Upon transferring to the pension system, petitioner received a refund from the Maryland State Retirement Agency on or about November 30, 1989, in the amount of $ 32,858.18, which consisted of previously taxed contributions in the amount of $ 12,806.59 and interest of $ 20,051.59. The refund represented only a portion of the balance to his credit in his account with the Maryland State Retirement System. A portion of such balance was retained and transferred to petitioner's account in the Maryland State Pension System to pay for petitioner's benefit when he reached the age of 62. Petitioner's service in the Maryland Teachers *575 Retirement System was also transferred to the Maryland Teachers Pension System. Petitioner had not reached age 59-1/2 years at the time he received the distribution. The Maryland State Retirement System issued to petitioner a Form 1099-R showing a total distribution of $ 32,858.18, with a taxable amount of $ 20,051.59. Petitioner entered into a "buyback" of pension coverage with the Ann Arundel County Retirement System for the amount of $ 29,259, which transaction was completed on or about December 20, 1989. Petitioner argues that this transaction constituted an eligible tax-free rollover of the refund he received from the State retirement agency. Respondent contends that the interest portion ($ 20,051.59) of the distribution in 1989 is includable in taxable income for that year. Respondent also contends that the distribution was subject to the section 72(t) additional tax on early distributions from a qualified plan. In general, a distribution from a qualified retirement plan is includable in the taxpayer's gross income in the year of receipt. Secs. 72, 402(a)(1). If a distribution from a retirement plan is rolled over within 60 days to an eligible retirement plan, the distribution *576 is not includable in gross income. Sec. 402(a)(5). To qualify under the rollover provisions, the distribution must be either a qualified total distribution or a partial distribution. Section 402(a)(5)(E) defines a qualified total distribution, in relevant part, as a lump-sum distribution within the meaning of section 402(e)(4)(A). In essence, section 402(e)(4)(A) defines a lump-sum distribution as a distribution from a qualified plan within a taxable year of the balance to the credit of an employee which becomes payable to the recipient either on account of the employee's death, disability, or separation from the service or after attaining age 59-1/2. Here, it is clear that the 1989 distribution did not represent the balance of his credit in the retirement plan as required by the statute. Instead, an undistributed portion of his account balance was transferred to the Maryland State Pension System, and he is still a vested member of that pension system eligible for benefit at the age of 62. We hold on the basis of this record that the 1989 distribution to petitioner was not a lump-sum distribution under section 402(e)(4)(A) and therefore not a qualified total distribution. *577 Nor does the distribution to petitioner qualify as a partial distribution from a qualified plan eligible for tax-free rollover treatment. Section 402(a)(5)(E)(v) defines a partial distribution as any distribution to an employee of all or any portion of the balance to the credit of such employee, except that such term does not include any distribution which is a qualified total distribution. Assuming that the distribution herein involved fully qualifies as a partial distribution eligible for tax free rollover treatment under the statute, it is nonetheless evident on the facts of this case that petitioner cannot prevail. Section 402(a)(5)(D)(ii) provides, in effect, that tax-free treatment is available only if a partial distribution is rolled over to an individual retirement plan. Petitioner did not do so. Instead, it is stipulated that petitioner transferred the 1989 distribution into the Ann Arundel County Retirement System. We therefore find, on this record, that petitioner does not qualify under the tax-free rollover provisions of the statute. Moreover, because petitioner had not attained the age of 59-1/2 years when the distribution was made, and does not come within any *578 of the other exceptions listed in section 72(t)(2), he is liable for the 10-percent additional tax. Sec. 72(t). Respondent is sustained. To reflect respondent's concession of $ 1,083.10 with respect to the 6-percent excise tax imposed under section 4973, Decision will be entered for respondent in the amount of $ 8,409.